People ex rel. Paul Powell, Secretary of State, Plaintiff-Appellant, v. Dean Richard Luttrell, Defendant-Appellee.

Gen. No. 53,912.

First District, Third Division.

October 15, 1970.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and Donald J. Veverka, Assistant Attorneys General, of counsel), for appellant.

Henry C. Szala, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This action was brought by the State to recover a privilege tax imposed by the Motor Vehicle Act of 1951. The trial court held that the State had failed to exercise reasonable diligence in obtaining service of process and dismissed the suit. On appeal, the State contends that neither the requirement of reasonable diligence nor the doctrine of estoppel are applicable. The facts follow.

In 1951 the General Assembly amended section 9 of the Motor Vehicle Act (Ill Rev Stats, c 95½, § 9) which then provided that the operator of a registered second division vehicle (truck, bus, trailer, etc.) pay either

an annual flat license tax or an optional mileage weight license tax. The amendment, effective January 1, 1952, deleted the mileage weight tax option and substantially increased the flat annual tax. On November 20, 1951, the Circuit Court of Sangamon County declared the amendment unconstitutional and enjoined the Secretary of State from collecting the tax it imposed. Defendant applied for registration of his vehicle and for the privilege of operating it on public highways in the State during 1952. At that time he was given notice that additional taxes based on the amendment might be due. The registration application stated:

> "Notice: the rate schedule on this form does not include the 1952 tax increase held invalid by the Sangamon County Circuit Court. Additional tax will be due if the validity of such increase is sustained by the Supreme Court."

The amendment was held constitutional by the Illinois Supreme Court and the United States Supreme Court. Bode v. Barrett, 412 Ill 204, 106 NE2d 521 (1952), affd 344 US 583, 97 L Ed 567, 73 S Ct 468 (1953).

The State commenced this action against the defendant on June 21, 1955, and a summons issued the same day was returned unserved. Alias summonses were issued and returned unserved in October 1959 and May 1962. Finally, an alias summons was issued and served on November 9, 1967. Defendant moved to dismiss the complaint on the ground that the State had not exercised reasonable diligence in obtaining service as then required by Supreme Court Rule 4 (now Ill Rev Stats, c 110A, § 103(b) (1969)) which reads as follows:

> "If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed with or without prejudice on the application of any defendant or on the court's own motion."

The motion was sustained and judgment entered for the defendant.

The State contends that the standard of reasonable diligence should not be applied to it when it is acting in its sovereign capacity to collect public revenue. Defendant argues that the State is bound by rules of procedure as is any other litigant and that lack of reasonable diligence in obtaining service of process is therefore a proper ground for dismissal even against the State.

Numerous cases have held that neither estoppel nor laches are bars to a State action where public revenue is involved. Department of Revenue v. Barding, 33 Ill 2d 235, 210 NE2d 475; Todd v. Annunzio, 410 Ill 343, 102 NE2d 297; Clare v. Bell, 378 Ill 128, 37 NE2d 812; People v. Illinois Women's Athletic Club, 360 Ill 577, 196 NE 881; People ex rel. City of Chicago v. Commercial Union Fire Ins. Co., 322 Ill 326, 153 NE 488. It has been held that even the doctrine of estoppel by verdict does not apply where public revenue is involved. People v. Chas. Levy Circulating Co., 17 Ill2d 168, 161 NE2d 112. The rationale underlying these decisions was ably expressed in the early case of People v. Brown, 67 Ill 435. There the court said, p 438:

> "Its [the State's] rights, revenues and property would be at a fearful hazard, should this doctrine [of estoppel] be applicable to a State. A great and overshadowing public policy of preserving these rights, revenues and property from injury and loss by the negligence of public officers, forbids the application of the doctrine."

While decisions have acknowledged by way of dictum that cases may arise where justice would require application of the doctrine of estoppel against the State acting in its governmental capacity (State v. Illinois Central R. Co., 246 Ill 188, 92 NE 814; People by Barrett v. Bradford, 372 Ill 63, 22 NE2d 691) or against a municipality (City of Quincy v. Sturhahn, 18 Ill2d 604, 165 NE 2d 271; County of Piatt v. Goodell, 97 Ill 84), the only case we find where the State was estopped from acting in its governmental capacity is Hickey v. Illinois Central R. Co., 35 Ill2d 427, 220 NE2d 415. In Hickey governmental bodies had disclaimed any interest in certain land for

fifty years and had dealt with the land as if it belonged to the Illinois Central Railroad. As a result, the railroad had executed many leases, conveyances and other agreements involving the property. The court held that justice precluded the State from asserting a belated claim to the land.

■ The instant case is clearly distinguishable. At the time that defendant applied for the privilege of using the highways he was given notice that an additional tax might be due. There is no evidence that he was led by State officials into believing the State was abandoning its right to such taxes. In fact the State continued its efforts to collect from others who failed to pay the 1952 tax. People ex rel. Carpentier v. Central & Southern Truck Lines, Inc., 17 Ill2d 120, 160 NE2d 777; People ex rel. Carpentier v. Treloar Trucking Co., 13 Ill2d 596, 150 NE2d 624. The collection of taxes is basic to the very existence of the State and the doctrine of estoppel should be applied against the State only where the equities are strongly in favor of the party invoking the doctrine. The record in the case before us is devoid of facts upon which this court could base a finding that the equities strongly support defendant's position. Indeed, while it is the duty of the State to collect taxes, it is likewise the duty of citizens to pay them.

Defendant contends that the State, as any other litigant, is bound by the procedural requirement of reasonable diligence. In People ex rel. Carpentier v. Windy City Motor Service, Inc., 22 Ill2d 209, 174 NE2d 839, which defendant cites in support of his contention, the issue was whether a suit for motor vehicle license fees and taxes was commenced within two years after the dissolution of the defendant corporation. After holding that the two year requirement applied only to commencement of the action and not to service of process, the court said, p 211:

> "Nor is there any merit in defendant's argument that plaintiff failed to show reasonable diligence. The suing out of four summonses between June 18,

1953 and June 20, 1955, is diligence enough, insofar as we can ascertain from the record in this case."

It is apparent from the statement before set forth that the question of the applicability of the reasonable diligence standard to the State was not necessarily resolved by the court. That is, the court could concede through dictum the applicability of the rule and yet decide in favor of the State because the two year delay during which four summonses were issued would not have been sufficient to establish a lack of reasonable diligence even if private litigants had been involved. In the instant case, however, the State concedes that the delay in obtaining service shown by the record would properly bar the action if private litigants only were involved and the only issue is the propriety of applying the reasonable diligence rule to the State in an action for the collection of taxes.

██ The rule requiring a plaintiff to exercise reasonable diligence in obtaining service of process is intended to supplement the function of a statute of limitations. That is apparent from the 1969 amendment to Rule 103 (b). This provides that an action can be dismissed with prejudice only if the failure to exercise reasonable diligence occurs after expiration of the applicable statute of limitations. Ill Rev Stats, c 110A, § 103(b) (1969). Because an action is commenced by the filing of a complaint (Ill Rev Stats, c 110, § 13 (1969)), a plaintiff would, in the absence of such a rule, be able to avoid the function of a statute of limitations by commencing the action just before the statute has run and then failing to serve summons on the defendant. Kohlhaas v. Morse, 36 Ill App2d 158, 183 NE2d 16; C. Nichols, Illinois Civil Practice, § 209, at 162 (1961). Since there is no statute of limitations applicable to an action by the State for the collection of taxes however, the standard of reasonable diligence has no logical relationship to the instant case. Recognizing that the State is not barred by a statute of limitations, it can hardly be maintained that it is barred by a rule the avowed purpose of which is to prevent the circumvention of such a statute. The trial court erred in dismissing the State's complaint.

246

The judgment is reversed and the cause remanded for such other and further proceedings as are consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.