THE DEPARTMENT OF MENTAL HEALTH, Plaintiff-Appellee, *v.* CHARLES KENDALL, Defendant-Appellant.

(No. 56997;

First District (5th Division)—November 9, 1973.

Charles O. Brizius, of Brizius, Nixon & Sandvig, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Paul J. Bargiel, Assistant Attorney General, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff, the Department of Mental Health of the State of Illinois, filed suit to collect the cost of treatment charges from defendant as a responsible relative, for the treatment of defendant's wife in a state hospital during the period prior to their divorce. The trial court denied defendant's motion to dismiss pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 103(b)) and the five-year statute of limitations of the Mental Health Code (Ill. Rev. Stat. 1969, ch. 91½, par. 12—12). The court entered judgment on the pleadings in favor of the plaintiff and against the defendant in the amount of $632.32.

Defendant in this appeal raises three issues for review: (1) whether the requirement of reasonable diligence to obtain service of process (Supreme Court Rule 103(b)) applies to the Department of Mental Health of the State of Illinois and whether reasonable diligence was entitled to judgment on the pleadings in the sum of $632.32 without the introduction of any evidence; and (3) whether the statutory scheme set forth in Sections 12—23 and 12—24 of ch. 91½ of Ill. Rev. Stat. 1963 and 1965 (now Section 12—12 of ch. 91½ of Ill. Rev. Stat. 1969) afforded defendant the notice and opportunity to be heard at every stage of the administrative proceedings required by due process.

Mary E. Kendall, defendant's wife until their divorce on June 17, 1966, was hospitalized in the Anna State Hospital from November 30, 1963, through August 12, 1966. On November 24, 1967, plaintiff filed its complaint for the amount of $632.32 against defendant as a responsible relative pursuant to Sections 12—21 through 12—27 of the Mental Health Code.* Essentially, the complaint alleged:

1. That plaintiff has requested this action under the authority of of Ill. Rev. Stat., ch. 14, par. 4;

2. That Mary E. Kendall was in the Anna State Hospital from November 30, 1963, through August 12, 1966;

3. That the patient or her estate are unable to pay for the cost of treatment;

4. That under Section 12—21 the responsible relative is liable for these charges;

5. That the defendant was the responsible relative during the period covered by this complaint;

6. That the plaintiff has calculated and fixed the per capita costs of treatment according to statute, and so listed these costs;

7. That the maximum treatment costs chargeable are $50 per month;

8. That plaintiff, pursuant to statute, has assessed the defendant monthly rates and has submitted statements to the defendant for treatment of the patient at such rates; that $632.32 is due and owing, and that defendant has failed to pay anything to the plaintiff;

9. That the attached Exhibit A is plaintiff's claim for charges of cost of treatment; and

10. That plaintiff informed the defendant of the basis for the assessment of charges and the pertinent statutory sections

---

* Ill. Rev. Stats. 1963 and 1965, ch. 91½, pars. 12—21 through 12—27. Now Ill. Rev. Stat. 1969, ch. 91½, par. 12—12.

through a Notice of Final Determination, a copy of which is attached as Exhibit B. (There were three such notices dated December 15, 1964, January 20, 1967, and February 3, 1967, all marked as Exhibit B.)

Defendant's answer, filed September 27, 1971, either denied outright or made sworn statements of lack of information sufficient to form a belief as to the truth of each and every allegation contained in the complaint.

The complaint was filed on November 24, 1967. Summons issued on this complaint November 24, 1967, and was returned, defendant not found, on December 5, 1967. An alias summons issued March 31, 1971, was served on April 19, 1971, some three and one-fourth years after the first summons was returned "not found." At the same time that defendant filed his answer, he filed a Motion to Dismiss Complaint based on a lack of reasonable diligence in serving summons, pursuant to Supreme Court Rule 103(b), alleging that he has continuously resided at 1020 West 103rd Street, Chicago, Illinois, since October 1967; that this was the residence where he was eventually served; that prior to October 1967 he resided at 6546 South Stewart Street, Chicago, Illinois, for a period of five years continuously and without interruption; and that he has never tried to avoid process servers and has always been available for the service of process. Defendant also stated that he has been employed at B. R. Abbott Construction Co., 5789 North Lincoln Avenue, Chicago, Illinois, as a construction worker since about June 1970. Immediately prior to that date defendant was employed by Phil Borasch & Sons Wholesale Grocer for seven and one-half years.

Plaintiff did not file any response to this motion and on November 5, 1971, a hearing was held. No court reporter was present, but the parties have filed an Agreed Statement of Facts. The court denied defendant's motion on the ground that Supreme Court Rule 103(b) does not apply to the Department of Mental Health of the State of Illinois. The court then admitted plaintiff's verified complaint into evidence. No other evidence was submitted by either plaintiff or defendant at this hearing. On November 18, 1971, the following order was filed:

"1. Defendant's Motion to Dismiss Complaint is hereby denied.

2. Plaintiff's motion for judgment on the pleadings is hereby granted and judgment is accordingly entered in favor of the plaintiff and against the defendant for $632.32. Execution is hereby stayed 30 days."

OPINION

Defendant's first contention is that the complaint should have been dismissed pursuant to Supreme Court Rule 103(b) due to a lack of reasonable diligence in serving the summons. This rule states:

"(b) DISMISSAL FOR LACK OF DILIGENCE. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

Defendant argues that he could have been served without any difficulty because his residence and place of business was and is easily ascertainable. He argues that a three and one-fourth years lapse in time together with service finally being made after the five year statute of limitations period would normally have run demonstrates a lack of due diligence.

■■ "Prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run, was a primary reason for the passage of Supreme Court Rule 103(b) and its predecessors." (*Karpiel v. La Salle National Bank of Chicago,* 119 Ill.App.2d 157, 160, 255 N.E.2d 61; *People v. Lutrell,* 130 Ill.App.2d 241, 264 N.E.2d 737.) In *Caliendo v. Public Taxi Service, Inc.,* 70 Ill.App.2d 86, 88, 217 N.E.2d 369, it was stated:

"Although prevention of intentional delay was one of the primary reasons for the passage of Rule 4(2), the subjective test of intent is not required by the rule; rather, the criterion is one of reasonable diligence. *Kohlhaas v. Morse,* 36 Ill.App.2d 158, 183 N.E.2d 16, cited by plaintiff, lends no support to the proposition that the defendant must prove that the plaintiff *intentionally* delayed service. In upholding the dismissal of certain defendants the court said: 'The unexplained failure to obtain service on a party until months after the statute had run could hardly be 'reasonable diligence to obtain service * * *' ".

Ordinarily the determination of reasonable diligence is left to the sound legal discretion of the trial court, and it is only when there is an abuse of discretion that a reviewing court will interfere. *Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510.

■■ Plaintiff argues that this court should assume that the trial court had before it evidence and arguments sufficient to show no intentional delay, citing *Czerewajko v. Schewtschenko,* 133 Ill.App.2d 206, 210, 272 N.E.2d 855, wherein it was stated: "When the record, on appeal, does not include a report of proceedings or an agreed statement of facts, a reviewing court must assume that the trier of fact heard sufficient evidence to support the judgment." However, in this case we do have an

agreed statement of facts. This statement recites that no evidence other than the verified complaint was presented to the court. In the absence of any excuse or other mitigating facts, the unexplained failure to serve defendant until three and one-fourth years after the first summons was returned, "defendant not found," coupled with those facts recited in defendant's Motion to Dismiss Complaint, demonstrate a lack of due diligence under an objective reasonable diligence test. The trial court abused its discretion in denying defendant's motion to dismiss.

■■ The period covered by this complaint is from November 30, 1963, through June 17, 1966. The alias summons issued March 31, 1971. The Committee Comments to the revised Supreme Court Rule 103(b) explain:

> "Paragraph (b) was changed in the 1967 revision to provide that the dismissal may be with prejudice, and was further revised in 1969 to provide that a dismissal with prejudice shall be entered only when the failure to exercise due diligence to obtain service occurred after the expiration of the applicable statute of limitations. Prior to the expiration of the statute, a delay in service does not prejudice a defendant."

The statute of limitations under Ill. Rev. Stat. 1969, ch. 91½, par. 12—12, is five years. The trial judge should have dismissed with prejudice all claims accruing for the period of hospitalization between November 30, 1963, and March 30, 1966, and on the remand of this cause the court is directed to do so. The claim between March 31, 1966, and June 17, 1966, amounting to approximately $83.99, arising within the statute of limitations, "may be dismissed without prejudice" under Supreme Court Rule 103(b). We find no abuse of discretion in not dismissing these claims since no prejudice was shown.

Defendant contends, however, that the court erred in granting any judgment on the pleadings in favor of plaintiff. He refers to his verified answer to the complaint in which he either specifically denied or made sworn statements of lack of information sufficient to form a belief as to the truth of each and every allegation contained in the complaint. He then points to specific allegations which he alleges had to be proved at trial, among which are the patient's or the patient's estate's ability to pay, the failure of defendant to petition the Department of Mental Health for a review of its determination, and the ability of the defendant, a responsible relative, to pay. Thus defendant asserts there were material issues of fact which had to be proved at trial.

■■■ "The law is clear that where there are controverted questions of fact evident from an examination of all the pleadings, the trier of fact

must take evidence to determine the correct facts and may not give judgment on the pleadings alone. *Minor v. Universal C.I.T. Credit Corp.*, 27 Ill.App.2d 330, 170 N.E.2d 5; *Naus v. Joanna-Western Mills Co.*, 18 Ill.App.2d 85, 151 N.E.2d 432." (*Sullivan v. Bard*, 44 Ill.App.2d 16, 22, 194 N.E.2d 18.) "A motion for judgment on the pleadings will be allowed when the court is able to determine from the pleadings alone the relative rights of the parties in the subject matter; in passing upon such motion the court must consider only those material facts and allegations which are well pleaded, disregarding all surplusage and conclusionary allegations." (*Zeinfeld v. Hayes Freight Lines, Inc.*, 82 Ill.App.2d 463, 467, 226 N.E.2d 392, *rev'd on other grounds*, 41 Ill.2d 345, 243 N.E.2d 217.)

██ In a number of recent cases it has been held that due to the presence of an administrative procedure for determining certain issues (Ill. Rev. Stat. 1969, ch. 91½, par. 12—12), such issues were not necessary to be proved or alleged in the complaint. The case of *In re Estate of Onischuk*, 87 Ill.App.2d 397, 231 N.E.2d 664, dealt specifically with this point. The court, at 402-403, quoted from *Department of Public Welfare v. Haas*, 15 Ill.2d 204, 154 N.E.2d 265, as stating the prevailing rule:

"An examination of these provisions of the code indicates that an action brought under section 9—23 is only for the enforcement of unreleased charges as established in conformity with its preceding sections. No action thereunder is contemplated until the defendant has exhausted his administrative remedies or the allotted time has expired within which he can pursue them. Conversely, where a defendant has failed to pursue those remedies, he cannot raise in the county court questions which should have been raised in the administrative proceedings, such as the propriety of the amount of the charges as fixed and determined or his ability to pay. This construction is in accord with judicial precedent which has sustained the validity of legislation whereby the existence of liability or the validity of a regulation is determined by one process and enforcement is achieved by a separate proceeding."

Of course, in order for the defendant to avail himself of this administrative procedure, he must have notice of the assessed charges. In *Onischuk* the defendant had such notice.

In the instant cause plaintiff in paragraph 10 of its complaint alleged:

"10. That the Department of Mental Health did inform the defendant of the basis for the assessment of charges and of the pertinent sections of ch. 91½ of the Illinois Revised Statutes and attached as Exhibit B of this complaint is a copy of Notice of Final Determination."

In paragraph 10 of defendant's answer it is stated:

"10. Defendant denies the accuracy and authenticity of Exhibit B."

In a motion for judgment on the pleadings the motion admits all well pleaded facts and all fair inferences to be drawn from the pleadings of the opposing party. Defendant has contested the accuracy and authenticity of the notice. If the notice is not sufficient, plaintiff must also prove such facts as the patient's and the patient's estate's inability to defray the cost of treatment charges and the responsible relative's ability to pay. This material issue of fact regarding notice should have precluded a judgment on the pleadings. Therefore, this case must be remanded so that evidence may be taken on this issue.

In the view we take of this case we need not reach defendant's other contentions on appeal. The judgment is reversed in part and reversed and remanded in part for further proceedings not inconsistent with this opinion.

Reversed in part and reversed and remanded in part for further proceedings.

ENGLISH and LORENZ, JJ., concur.

