RAYMOND JUECHTER, Adm'r of the Estate of Lawrence Juechter, Deceased, Plaintiff-Appellant, *v.* RICHARD J. GRACE, Defendant-Appellee.

Fourth District   No. 14319

Opinion filed December 22, 1977.

CRAVEN, J., concurring in part and dissenting in part.

James J. Reidy, Ltd., of Chicago (Maureen J. McGann, of counsel), for appellant.

Robert P. Moore and Howard W. Small, both of Hayes & Moore, of Champaign, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Raymond Juechter sued as administrator of the Estate of Lawrence Juechter for the wrongful death of the latter alleging that the decedent left his parents, brothers and sisters surviving. Raymond Juechter, individually, sued for medical, hospital, and funeral expenses incurred by him pursuant to section 15 of "An Act * * * in relation to husband and wife" (Ill. Rev. Stat. 1971, ch. 68, par. 15). Plaintiffs appealed the order of

the trial court dismissing the complaint with prejudice under Supreme Court Rule 103(b).

The death followed a motor vehicle collision on September 27, 1971. In essential chronology, the complaint was filed on September 27, 1973; summons was issued on September 27, 1975, by the clerk of court and returned "not found" by the sheriff. On January 19, 1976, service was procured through the Secretary of State under section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 10—301). On November 10, 1976, defendants, under Supreme Court Rule 103(b) moved to dismiss with prejudice. On January 31, 1977, the complaint was dismissed with prejudice.

We affirm the dismissal with prejudice of the action for wrongful death. There is no serious attempt to explain why no summons was directed to be issued until 48 months after the injury, and 24 months after the filing of the complaint. Some 51 months intervened between the date of the injury and the actual procuring of service. We regard plaintiff's argument that there was no motion to dismiss for want of prosecution which might alert him to his lack of diligence in procuring service as an argument completely without merit and mere trifling. While plaintiff argues that defendant was aware of the cause of action, there is no claim that plaintiff was induced to refrain from obtaining service by any negotiations in settlement.

In *Lee v. Decker* (1974), 17 Ill. App. 3d 93, 307 N.E.2d 773, plaintiff obtained a judgment for personal injuries. Defendant's sole argument upon appeal was that the trial court erred in denying defendant's motion to dismiss the complaint with prejudice under the provisions of Supreme Court Rule 103(b):

> "If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." (17 Ill. App. 3d 93, 95, 307 N.E.2d 773, 775.)

There, 42 months had elapsed between the date of the injury and the date of service. Here, there are 51 months. That opinion determined upon cited authorities that the burden was upon plaintiff to show that he had obtained prompt service and that the defendant had no burden to demonstrate that he was prejudiced by delay. The opinion reversed and remanded to the trial court with directions to dismiss the complaint with prejudice.

■■ Plaintiff argues that defendant had moved to Indiana. Such appears in this record only through the sheriff's note accompanying his return, "not found," filed on November 10, 1975, more than 4 years after the injury. Plaintiff shows no other attempts to locate defendant and serve

a summons. If defendant could not be found service through the Secretary of State under section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 10—301), was available both before and after the expiration of the statute of limitations. The effect of plaintiff's conduct was simply to unduly extend the statute of limitations without a modicum of justification. There is no showing of circumstances which prevented obtaining service at an earlier reasonable date and we conclude that the record only demonstrates a failure to exercise reasonable diligence in seeking to obtain service.

■■■ We reverse the order of the trial court which dismissed with prejudice plaintiff's complaint individually for medical, hospital and funeral expenses incurred. The statute of limitations upon such action is 5 years. (*Pope v. Kaleta* (1967), 90 Ill. App. 2d 61, 234 N.E.2d 109.) The service of summons procured on January 19, 1976, was within 5 years of the date of injury on September 27, 1971.

In *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 619, 363 N.E.2d 796, the court said:

> "In 1969 the rule was revised to provide that a dismissal with prejudice could *only* be entered when the failure to use diligence in obtaining service occurred *after* the expiration of the applicable statute of limitations." (Emphasis supplied.)

Such opinion substantially adopts the language of the Committee Comments as found in Illinois Annotated Statutes, chapter 110A, paragraph 103(b) (1977 Supp.). Such Comment continues to say:

> "Prior to the expiration of the statute, a delay in service does not prejudice the defendant."

It thus appears that the Rule did not authorize the trial court to dismiss this cause of action with prejudice.

The order dismissing with prejudice the complaint for wrongful death is affirmed. The order dismissing with prejudice the complaint for damages incurred by plaintiff individually for hospital, medical, and funeral expenses is reversed, and the cause is remanded for further proceedings.

Affirmed in part, reversed in part and remanded with directions.

REARDON, P. J., concurs.

Mr. JUSTICE CRAVEN, concurring in part and dissenting in part:

I agree with the opinion of the court insofar as it relates to the count for the hospital and funeral expenses. I disagree with that portion of the opinion relating to the dismissal of the wrongful death count. There was undue delay in causing summons to issue. The record clearly indicates

that the defendant had knowledge of the claim. I fail to see how the defendant was in any way prejudiced by the delay. Upon finding that there was undue delay, it does not follow that a severe sanction of dismissal must be imposed upon the plaintiff.

It is unfortunate that the majority opinion does not address the overriding consideration—whether or not "substantial justice" is being done between the litigants and whether it is reasonable under the circumstances to compel the defendant to go to trial. (See *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841.) Also, in the recent case of *Sickler v. National Dairy Products Corp.* (1977), 67 Ill. 2d 229, 367 N.E.2d 674, on a similar question of timely procedure and dismissal, our supreme court again referred to the substantial justice test alluded to in *Adkins*, and, in *Sickler*, determined that there was no substantial justice being done in dismissing the action. I am not persuaded from my review of this record that it is unreasonable under the circumstances to compel the defendant to go to trial on the merits. I would so order.