PAT LANGFORD, Plaintiff-Appellant, v. SENTRY INSURANCE OF ILLI-
NOIS, INC., Defendant-Appellee.

Fifth District   No. 5—88—0806

Opinion filed January 10, 1990.

Bruce D. Stewart and Robert H. Rath, of Rath & Fornes, both of Harrisburg, for appellant.

Jeffrey L. Warnick, of Crystal & Heytow, P.C., of Chicago, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Pat Langford, appeals from an order of the circuit court of Saline County granting the motion to dismiss with prejudice of

defendant, Sentry Insurance of Illinois, Inc., pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). In this cause, plaintiff argues that the circuit court should not have considered the time before the expiration of the statute of limitations in determining reasonable diligence in serving defendant. In addition, plaintiff argues that even if the circuit court did not consider the time before expiration of the statute, it erred in dismissing the cause with prejudice. We reverse and remand.

As an aid to understanding the history of this case, we include the following chronology of its significant events:

| | |
|---|---|
| July 6, 1986 | Defendant issued a fire insurance policy to plaintiff on her home in Saline County. The policy issued included the standard one-year contractual limitation during which plaintiff may file suit. Note: The limitation period tolled for 206 days from filing of the proof of loss statement until denial of the claim. |
| August 9, 1986 | Fire destroyed plaintiff's home. |
| October 6, 1986 | Plaintiff submitted a sworn proof of loss statement. |
| January 28, 1987 | An examination under oath was conducted of plaintiff in Harrisburg. Plaintiff and her attorneys were present. |
| April 30, 1987 | Defendant denied plaintiff's claim on the grounds of misrepresentation regarding the cause of the fire and circumstances of loss. |
| June 29, 1987 | Plaintiff filed her complaint. (This was eight months prior to the expiration of the statute of limitations.) Plaintiff directed summons to the Director of the Illinois Department of Insurance. It was returned unserved. |
| March 2, 1988 | The contractual limitation period expired. |
| April 28, 1988 | Alias summons issued and mailed to the Sheriff of Du Page County. (This was 8½ weeks after the expiration of the limitations period.) |
| May 16, 1988 | Service on defendant. (This is 10 weeks after the expiration of the limitations period.) |

On June 14, 1988, defendant filed a motion to dismiss plaintiff's

complaint with prejudice. Defendant alleged that plaintiff failed to use reasonable diligence to serve defendant as required by Rule 103(b). The circuit court, without hearing or oral argument, dismissed the complaint on June 28, 1988. The order, in its entirety, states: "Defendant's motion, filed 6-14-88, to dismiss the complaint is granted."

In her motion to set aside the dismissal, plaintiff argued that the circuit court should examine only the time after the expiration of the limitations period to determine whether due diligence had been exercised. The parties submitted memoranda in support of their arguments. On December 19, 1988, the circuit court denied plaintiff's motion.

Rule 103(b) states:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

■ The determination of reasonable diligence is traditionally left to the sound discretion of the circuit court. A reviewing court will only interfere when there is an abuse of that discretion. (*Hebting v. Miller Brewing Co.* (1980), 82 Ill. App. 3d 981, 983, 403 N.E.2d 671, 673; *Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 885, 305 N.E.2d 389, 392; *Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 40, 261 N.E.2d 510, 513-14.) The circuit court either did consider the time and actions before the expiration of the statute of limitations, or it did not. Either way, the circuit court abused its discretion.

■ In ruling on a Rule 103(b) motion, a court may not consider the period or activities before the expiration of the statute of limitations. This is self-evident in the rule itself. Rule 103(b) indicates a difference between actions before the statute of limitations runs and those after. The rule provides that prestatute dismissal will be without prejudice, and post-statute dismissal will be with prejudice.

The committee comments to the rule clearly state that the rule was revised in 1969 to provide:

"[A] dismissal with prejudice shall be entered only when the failure to exercise due diligence to obtain service occurred after

the expiration of the applicable statute of limitations. Prior to the expiration of the statute, a delay in service does not prejudice a defendant." (107 Ill. 2d R. 103(b), Committee Comments, at 296.)

The supreme court cited the comments in *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 619, 363 N.E.2d 796, 798; see *Juechter v. Grace* (1977), 55 Ill. App. 3d 606, 608, 371 N.E.2d 179, 181.

A public policy inherent in the rule and its application is to encourage the process of discovery before trial when the claim is not yet stale. To indicate that a court could consider the time and actions before the running of the statute would encourage the filing of claims at the tail end of the statute of limitations so the prestatute time would not be held against a plaintiff. This is clearly contrary to the policy and intent of the rule.

In *People ex rel. Powell v. Luttrell* (1970), 130 Ill. App. 2d 241, 264 N.E.2d 737, the First District Appellate Court implied a similar result. In *Luttrell,* the State commenced an action to recover a tax. Service occurred almost 12½ years later. The court reasoned that as there was no applicable statute of limitations, there could be no failure to exercise diligence after the statute of limitations ran. Therefore, dismissal with prejudice was inappropriate. *Luttrell,* 130 Ill. App. 2d at 245, 264 N.E.2d at 740.

In *Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 305 N.E.2d 389, the court found that the Department failed to exercise due diligence. The court dismissed with prejudice those charges for which the statute had run and dismissed without prejudice those charges for which the statute had not yet run. See also *Juechter v. Grace* (1977), 55 Ill. App. 3d 606, 607-08, 371 N.E.2d 179, 180-81 (dismissing with prejudice when statute had run; dismissing without prejudice when statute had not run).

Defendant cites *Curtis v. Pekin Insurance Co.* (1982), 105 Ill. App. 3d 561, 434 N.E.2d 555, for the proposition that a circuit court must consider the entire time period in a Rule 103(b) ruling. In *Curtis,* however, the fourth district never specifically addressed the issue whether or not to consider the time before the statute ran. Justice Mills points out that the main point of contention was whether the standard 12-month limitation period, required in all fire insurance policies, is a statute of limitations for Rule 103(b) purposes. (*Curtis,* 105 Ill. App. 3d at 565, 434 N.E.2d at 558.) We disagree with the implication that a circuit court must look at the entire time period when ruling on a Rule 103(b) motion. (*Curtis,* 105 Ill. App. 3d at 565-66,

434 N.E.2d at 558.) Of course, one could read *Curtis* to hold that the eight months after the expiration of the limitation are an unreasonable delay. On that, we do not rule.

■■ If the circuit court did not consider the time before the expiration of the statute, it still abused its discretion in dismissing the case with prejudice. We hold that the passing of only 10 weeks after the running of the statute of limitations until actual service of an alias summons on defendant is not unreasonable. Further, the passing of only 8½ weeks from the running of the statute until issuance of the alias summons is not an unreasonable delay. Therefore, dismissal with prejudice was an abuse of discretion.

For the foregoing reasons, this court reverses the order of the circuit court of Saline County and remands for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.