ILLINOIS FARMERS INSURANCE COMPANY, as Subrogee of Dorothy Nilles, as Parent and Guardian of Derek Nilles, a Minor, Plaintiff-Appellant, v. ARNOLD MAKOVSKY, Defendant-Appellee (Virginia Jankowicz, Defendant).

First District (4th Division)   No. 1—96—4266

Opinion filed September 30, 1997.—Rehearing denied November 19, 1997.—Modified opinion filed November 26, 1997.

Law Offices of Ronald J. Scaletta, of Chicago (Carrie M. Foris, of counsel), for appellant.

Roderick J. Bergin & Associates, of Chicago (Roderick J. Bergin, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff Illinois Farmers Insurance Company appeals from an order of the circuit court dismissing plaintiff's personal injury action against defendant Arnold Makovsky (Makovsky) with prejudice pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) for failure to exercise reasonable diligence in obtaining service of process on Makovsky and an order denying plaintiff's motion to reconsider the dismissal. On appeal, plaintiff contends that the trial court erred in dismissing its action because Rule 103(b) is inapplicable where the statute of limitations, which the trial court failed to apply, had not expired, *i.e.*, plaintiff brought its cause of action against Makovsky as the subrogee to the rights of Derek Nilles, who was a minor at the time he was involved in an accident with Makovsky, an uninsured motorist, and the statute of limitations applicable to Derek had not run at the time of the trial court's dismissal with prejudice. For the reasons set forth below, we reverse.

Following a car accident on August 27, 1990, in which Derek Nilles, a minor, was injured, Dorothy Nilles, Derek's mother, filed an uninsured motorist claim against plaintiff, her own insurance company. Plaintiff settled this claim with Dorothy for $50,000: $16,666 for attorney fees; $472.67 for investigation expenses; $67 for the cost of opening a guardianship file; and the remainder of $32,794.33 was placed into an interest-bearing account in trust for Derek until he reached his majority. Dorothy and Derek signed a receipt and release for the settlement which stated, in pertinent part:

"For and in consideration of the sum of Fifty Thousand Dollars ($50,000.00) RECEIPT OF WHICH IS HEREBY ACKNOWL-

EDGED, the undersigned, a minor, and the parent (guardian) of Derek Nilles hereby RELEASES and discharges Illinois Farmers Insurance Co., their principals, agents and representatives from any and all rights, claims and injury damages of any kind (known and unknown), existing or arising in the future, and accordingly does hereby expressly, voluntarily, knowingly and advisedly WAIVE any and all rights granted to him/her or said minor for injury damages resulting from or related to an accident that occurred on or about the 27th day of August, 1990, at or near 50th & Roberts Road-Bridgeview.

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, or persons who may claim to be damaged by reason of the accident other than the undersigned to pursue any legal remedies they may have against the undersigned or any other person.

*  *  *

Further, the undersigned agree to reimburse and indemnify all released parties for any amounts which any insurance carriers, government entities, hospitals or other persons or organizations may recover from them in reimbursement for amounts paid to or on my behalf of the undersigned as a result of this accident by way of CONTRIBUTION, SUBROGATION, INDEMNITY, or OTHERWISE."

On August 19, 1992, plaintiff filed a complaint against Makovsky and Virginia Jankowicz (Jankowicz), which alleged that: plaintiff was the subrogee of Dorothy Nilles and her son Derek Nilles, a minor, "by virtue of a certain automobile policy of insurance"; on August 27, 1990, Makovsky was driving in a southwest direction on Roberts Road, Jankowicz was driving on Roberts Road in a southern direction and Derek was crossing the street on foot; Makovsky and Jankowicz acted negligently; and as a direct and proximate result, Derek was struck by one of the cars, incurring injury, pain, disability and medical expenses.

On August 26, 1992, plaintiff filed a summons directed to both defendants. Service of the summons was not obtained on Makovsky because a neighbor told the process server that Makovsky had moved. On October 28, 1992, plaintiff filed a motion to voluntarily dismiss Jankowicz as a party to its complaint pursuant to its settlement with her. On April 20, 1993, the trial court dismissed plaintiff's case for want of prosection. On May 25, the trial court vacated the dismissal and granted plaintiff leave to file an alias summons. On June 14, plaintiff filed an alias summons directed to Makovsky, along with an affidavit of compliance that stated that Makovsky "was a resident at

the time the cause of action arose but has subsequently become a non-resident of this state." On June 22, the trial court again dismissed plaintiff's case for want of prosecution. On June 24, plaintiff filed a second alias summons directed to Makovsky. On August 17, plaintiff filed a motion to vacate the dismissal, which the trial court granted.

On March 4, 1994, plaintiff filed an "affidavit of prove-up," stating that the allegations in the complaint were true and that plaintiff expended $50,000 in settlement of Derek's claim for injuries. The trial court entered a default judgment in favor of plaintiff and against Makovsky in the sum of $50,000, plus costs.

On July 19, 1995, Makovsky filed a special and limited appearance and motion to quash service and vacate the default judgment against him. Makovsky argued that service of process on him was made under the statute providing service of process for nonresidents of Illinois and, because he was a resident of Illinois at the time of the occurrence and had lived in Illinois since the accident, service of process on him pursuant to the statute applicable to nonresidents was ineffective. Makovsky also attached an affidavit to his motion, stating that he was a resident of Illinois on August 27, 1990, and resided at 8136 South Octavia in Bridgeview, had lived "continuously and openly" in Illinois since that time and resided at 8136 South Octavia during the entire year of 1992. The trial court entered an order vacating the default judgment against Makovsky. Thereafter, plaintiff filed an *ex parte* motion for the appointment of a special process server.

On November 2, 1995, the trial court again dismissed plaintiff's case for want of prosecution. On November 6, the trial court issued an order appointing Jennifer Cochran as a process server and, on November 22, plaintiff filed a motion to vacate the dismissal, which the trial court granted.

On January 5, 1996, plaintiff filed a third alias summons directed to Makovsky. Makovsky was served with the summons on April 14. On May 13, Makovsky filed a *pro se* appearance. On May 21, plaintiff's case was again dismissed for want of prosecution. On July 9, the trial court vacated the dismissal.

On July 30, 1996, Makovsky's counsel filed an appearance and jury demand on his behalf and, on August 13, he filed a Rule 103(b) motion to dismiss plaintiff's complaint. In his motion, Makovsky alleged that: Derek's mother, Dorothy Nilles, had brought an uninsured motorist claim against plaintiff that was settled for $50,000; Makovsky had resided at his address in Bridgeview, Illinois, since October 2, 1989; Makovsky was not served in this case until ap-

proximately six years after the accident resulting in Derek's injury; plaintiff knew or should have known of Makovsky's whereabouts and could have served him with process in a prompt manner; and plaintiff's failure to promptly serve him with summons "strongly justifie[d] dismissal [of plaintiff's complaint] with prejudice." On August 13, the trial court entered an order granting plaintiff until September 3 to file a response to Makovsky's motion. On September 10, Makovsky filed an affidavit in support of his motion to dismiss in which he stated that he and his family resided at his home in Bridgeview "exclusively and continuously" since October 2, 1989.

On September 19, 1996, after a hearing, the trial court granted Makovsky's Rule 103(b) motion to dismiss plaintiff's complaint with prejudice. There is no evidence in the record of what statute of limitations the trial court relied upon in rendering its decision. Plaintiff filed a motion to reconsider the court's dismissal order, arguing that the statute of limitations on the action did not run until April 9, 1997, because Derek was a minor and plaintiff, as Derek's subrogee, was subject to the same statute of limitations as Derek and, therefore, the dismissal of its complaint should be without prejudice. The trial court denied plaintiff's motion on November 6, 1996, and this appeal followed.

On appeal, plaintiff argues that the trial court erred in dismissing its complaint with prejudice pursuant to Supreme Court Rule 103(b) based on a lack of diligence in serving Makovsky with process. More specifically, plaintiff maintains that because Derek was a minor at the time of the accident, the statute of limitations pertaining to minors did not expire until April 9, 1997, which was two years after Derek turned 18, and plaintiff's complaint was, therefore, improperly dismissed with prejudice on September 19, 1996. Plaintiff maintains that it, as Derek's subrogee, " 'stands in the shoes' " of Derek with regard to the applicable statute of limitations; all of Derek's rights, including the applicable statute of limitations, should pass to plaintiff; until the statute of limitations expired, Makovsky could not have been prejudiced by a delay in service of process; and plaintiff's purported lack of diligence, on which the trial court based its decision to dismiss the case, occurred prior to the expiration of the statute of limitations and was improperly considered by the trial court.

Makovsky contends that the trial court did not err in dismissing plaintiff's complaint with prejudice pursuant to Rule 103(b), arguing that a defendant need not show prejudice for dismissal of a complaint pursuant to Rule 103(b); Rule 103(b) dismissals fall within the discretion of the trial court; "[a]ny limitations period notwithstanding, a plaintiff's delay in later failing to serve a defendant—which is

the soul of due process—is precisely what the rule proscribes"; one of the purposes of Rule 103(b) "was to prevent a plaintiff from circumventing the statute of limitations by filing suit within the applicable statutory period but delaying or failing to effect an issuance of [a] summons," and "[t]o countenance [plaintiff's] obvious delay in serving *** Makovsky would be violative of the fundamental purpose of the rule"; and the record is "void of any diligence" by plaintiff. Makovsky further contends that giving the same statute of limitations to subrogees of minors "is neither logical nor practical"; statutes of limitations are "procedural in nature and not related to the right but to the remedy by fixing a time within which an action must be brought"; plaintiff only acquired the "right" to seek indemnity from defendants; the doctrine applied by courts in protecting the rights of minors should not be extended to insurance companies; "[w]hile the majority of cases reported adhere to the duty of the judiciary to closely monitor the rights of infants lest they go unprotected ***, this strict scrutiny should not be extended to individuals of majority of age as well as corporate entities such as [plaintiff]"; and plaintiff failed to cite to any authority to support its argument that "the legislature intended that the limitations period enjoyed by minors also be acquired by insurance companies seeking recovery under *their claimed subrogation rights.*" (Emphasis added.)

█ Supreme Court Rule 103(b) states as follows:

"*Dismissal for Lack of Diligence.* If the plaintiff fails to exercise reasonable diligence to obtain service *prior to the expiration of the applicable statute of limitations,* the action as a whole or as to any unserved defendant may be dismissed *without prejudice.* If the failure to exercise reasonable diligence to obtain service occurs *after the expiration of the applicable statute of limitations,* the dismissal shall be *with prejudice.* In either case the dismissal may be made on the application of any defendant or on the court's own motion." (Emphasis added.) 134 Ill. 2d R. 103(b).

"In ruling on a Rule 103(b) motion, a court may not consider the period or activities before the expiration of the statute of limitations. *** Rule 103(b) indicates a difference between actions before the statute of limitations runs and those after." *Langford v. Sentry Insurance of Illinois, Inc.,* 193 Ill. App. 3d 386, 388, 549 N.E.2d 951 (1990).

█ The statute of limitations applicable to minors is set forth in section 13—211 of the Code of Civil Procedure (735 ILCS 5/13—211 (West 1994)) and provides:

"Minors and persons under legal disability. If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, is under the

age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed."

It is well settled that "[t]he court has a duty to see that the rights of an infant are adequately protected." *Muscarello v. Peterson*, 20 Ill. 2d 548, 555, 170 N.E.2d 564 (1960). "The language of Rule 103(b) protects minors from a shortening of the statute of limitations applicable to them in a case where the defendant is entitled to a dismissal." *Parker v. Piskur*, 258 Ill. App. 3d 344, 349, 630 N.E.2d 475 (1994).

■ In discussing the nature of subrogation, our supreme court in *Dix Mutual Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 319, 597 N.E.2d 622 (1992), stated:

"The doctrine of subrogation is a creature of chancery. It is a method whereby one who had involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid. [Citation.] The right of subrogation is an equitable right and remedy which rests on the principle that substantial justice ought to be attained by placing ultimate responsibility for the loss upon the one against whom in good conscience it ought to fall. ***

One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce."

Plaintiff here asserts, and we agree, that the issue of whether the statute of limitations applicable to a minor subrogor also applies to his subrogee is a case of first impression in this state. Other jurisdictions have held that the statute of limitations applicable to a subrogor also applies to the subrogee. For example, in *Automobile Insurance Co. v. Union Oil Co.*, 85 Cal. App. 2d 302, 193 P.2d 48 (1948), the court stated:

"We are convinced that among the rights of an insurance company to recover a loss paid by it, which rights are claimed by subrogation to the rights of an insured against a third party responsible for a fire, there is included the right to the same statute of limitations period that applies to its insured. *** Manifestly, whatever period of limitation was applicable to the insured herein passed by subrogation to the insurance carriers ***. Upon principles of reason as well as natural justice, it seems only fair, right, just and equitable that one who is subrogated to the rights and remedies of another should be allowed the same time in which to enforce such rights that the law would have allowed to the person to whose rights and remedies he succeeds." *Union Oil*, 85 Cal. App. 2d at 304-05, 193 P.2d at 49-50.

See also *Insurance Co. of North America v. Puerto Rico Marine*

*Management, Inc.*, 599 F. Supp. 199, 203 (D.P.R. 1984) (where the subrogee sought breach of contract damages from its subrogors' carrier, the court held that "[w]hatever period of limitations is applicable to the insured passes by subrogation to the insurance carrier, who by reason of such subrogation, is put in place of the party to whose right it is subrogated").

This court has held, in workers' compensation cases, that when an employer has a subrogated action against a third party, the same statute of limitations applies to the employer as would apply to the worker. *Employers Mutual Casualty Co. v. Trimon Elevator Co.*, 71 Ill. App. 2d 124, 131, 217 N.E.2d 391 (1966) ("[T]he rule with reference to the period of limitations applied to an employer's subrogated action; in other words, the employer stepped into the shoes of the employee and was governed by the same statute of limitations"); *Walsh v. Central Cold Storage Co.*, 324 Ill. App. 402, 413, 58 N.E.2d 325 (1944) ("[T]he statute of limitations as to personal injuries and wrongful death is applicable in actions against such third party in the same manner as it would have been applicable to the employee or his personal representative if they had had an action against such third party").

■ The above cases embody sound reasoning and we conclude that, based on the principle that a subrogee attains all of the rights of a subrogor, the statute of limitations applicable to a minor subrogor is equally applicable to a subrogee insurance carrier. Applying this reasoning to the case at bar, it is clear that the same statute of limitations that applies to Derek also applies to plaintiff. Therefore, we hold that the trial court erred in dismissing plaintiff's complaint with prejudice pursuant to Rule 103(b) because the statute of limitations applicable to Derek's claims against Makovsky had not expired at the time of the dismissal.

Makovsky makes several arguments with respect to the application of Rule 103(b) and the statute of limitations issue, which we briefly address. Makovsky first argues that it would be inequitable for this court to permit plaintiff "this extended period of time [pursuant to the statute of limitations for minors], especially in light of *** [plaintiff's] conspicuous dilatoriness in serving Mr. Makovsky, to now bring any action against him." It is clear, however, that notwithstanding Makovsky's "conspicuous dilatoriness" argument, "a dismissal with prejudice [can] *only* be entered when the failure to use diligence in obtaining service occurred *after* the expiration of the applicable statute of limitations." (Emphasis added.) *Aranda v. Hobart Manufacturing Corp.*, 66 Ill. 2d 616, 619, 363 N.E.2d 796 (1977). "In ruling on a Rule 103(b) motion, a court may not consider the period

or activities before the expiration of the statute of limitations. \*\*\* To indicate that a court could consider the time and actions before the running of the statute would encourage the filing of claims at the tail end of the statute of limitations so the prestatute time would not be held against a plaintiff. This is clearly contrary to the policy and intent of the rule." *Langford*, 193 Ill. App. 3d at 388-89. While it is true that Makovsky was not served with process until almost six years after the accident had passed, it would be improper for the court to consider this period in ruling on a Rule 103(b) motion to dismiss because the applicable statute of limitations as to minors, as discussed above, had not run at the time of service of process.

Makovsky also maintains that plaintiff received an assignment of rights from Dorothy and Derek, rather than a subrogation, because only Derek, a minor, could have brought an action for defendants' negligence which resulted in injuries to Derek and Dorothy, upon payment and satisfaction of the claim, "arguably *assigned her* rights to Farmers [plaintiff] to pursue these alleged tortfeasors." (Emphasis in original.)

Assignment "of an action for injuries to the body" is prohibited in Illinois and is void. *Remsden v. Midway Liquors, Inc.*, 30 Ill. App. 2d 132, 142-43, 174 N.E.2d 7 (1961). Makovsky relies on *Haley v. Posdal*, 201 Ill. App. 3d 963, 559 N.E.2d 1083 (1990), for the proposition that the transfer of rights in this case was an assignment rather than a subrogation. This case is clearly distinguishable from the case at bar. In *Haley*, the plaintiff had an insurance policy under which she made an underinsured motorist claim. The insurer paid the plaintiff $15,000, then sued in subrogation to collect the $15,000 from the other driver and the plaintiff's son Tate, the driver of the car in which the plaintiff was a passenger. The trial court dismissed the subrogation action against Tate, holding that the insurer could only subrogate against the underinsured motorist. The plaintiff then filed an action against Tate and, after receiving an additional settlement from her insurer, the plaintiff signed a release of her claim against her insurer, which stated:

> " 'The undersigned hereby *assigns*, transfers and sets over to [the insurer] any and all claim or causes of action *for bodily injury* which the undersigned now has, or may hereafter have, to recover against any person or persons as the result of said accident and loss above stated to the extent of the payment made above \*\*\*.' "
> (Emphasis added.) *Haley*, 201 Ill. App. 3d at 966.

The insurer filed an amended complaint containing a count against Tate which was again dismissed by the trial court with prejudice. On appeal, the court found that the release was not a subrogation but,

instead, was an assignment of a bodily injury claim and was, therefore, void. The court stated "where the language in the release 'assigns' the claim or cause of action to the insurer without the necessity of recovery, an assignment rather than a subrogation exists." *Haley*, 201 Ill. App. 3d at 968. It found "the use of the term 'assigns' plus the absence of any recovery by Haley against Tate (due, of course, to the fact that Haley dismissed her suit against Tate) establishes an assignment not a subrogation action." *Haley*, 201 Ill. App. 3d at 968.

Here, the release signed by Dorothy and Derek was a subrogation rather than an assignment. Unlike the *Haley* case, the release in this case did not contain the term "assigns" and instead contained the term "subrogation." Moreover, the release essentially goes to plaintiffs' right to collect any damages paid by third parties for Dorothy and Derek's injuries arising from the accident. Thus, the release granted plaintiff the right of subrogation in consideration of plaintiff's settlement with Dorothy and Derek. Accordingly, while inartfully drafted, a reading of the release in its entirety shows that Dorothy and Derek agreed, "by way of CONTRIBUTION, SUBROGATION, INDEMNITY, or OTHERWISE," to reimburse plaintiff for any amounts paid to Dorothy and Derek by third parties. Based on these facts, the release signed by Derek and Dorothy was clearly not an assignment and, instead, was a subrogation.

Makovsky further contends that the obligation to pay medical bills lies with the parent and, therefore, the cause of action to recover those expenditures would lie with the parent and not the child. He argues, therefore, that Dorothy is the true party in interest, not Derek. He further argues that "the true subrogor" was Dorothy Nilles and not her son Derek because Dorothy was the one who had contracted with plaintiff for uninsured motorist coverage, "under which contract she sought her remedy and payment under the terms of the policy." Makovsky maintains that because Dorothy was "of majority age" at the time of the accident, the limitations period acquired by plaintiff was two years following the date of the accident, instead of two years following the date Derek reached his majority. In support of his argument, Makovsky relies on *Bibby v. Meyer*, 60 Ill. App. 2d 156, 163, 208 N.E.2d 367 (1965), where the court found that a minor's medical expenses "properly belonged to his mother and since his mother had released [the] defendant, the mother's release would be binding on the plaintiff to the extent of the medical expenses incurred," and *Kennedy v. Kiss*, 89 Ill. App. 3d 890, 894, 412 N.E.2d 624 (1980), where the court stated that it was well settled "in Illinois that the parents of a minor child are responsible for the

child's medical expenses," and "[s]ince the obligation to pay medical payments is on the parent, the cause of action to recover for the medical expenses lies in the parent, not in the child." We find these cases distinguishable from the case at bar because, as plaintiff's counsel stated at oral arguments, plaintiff is not claiming medical expenses as damages from Makovsky. This is clear based on the fact that the entire $50,000 settlement entered into between plaintiff and Dorothy, as guardian, minus costs, went into a trust for Derek's benefit only and none of the money went to Dorothy. While the settlement did not specify exactly what damages the funds covered, it clearly did not include medical expenses which, by law, as discussed above, would have been given to Dorothy.

Lastly, Makovsky relies upon *Curtis v. Pekin Insurance Co.*, 105 Ill. App. 3d 561, 434 N.E.2d 555 (1982), in support of his argument that a specific limitations period may be included within Dorothy's insurance policy with plaintiff "which must be given priority." In *Curtis*, the plaintiff had sued her insurance company for the recovery of damages for the destruction of her house by fire. The trial court dismissed the plaintiff's complaint with prejudice pursuant to Rule 103(b) based on a 20-month delay of service of process. The main issue before the court on appeal was whether a standard 12-month limitation of actions clause contained within the policy, as required by law, constituted a statute of limitations for the purposes of a Rule 103(b) dismissal with prejudice. The *Curtis* court held that "the standard 12-month fire insurance policy limitation-of-actions clause *** [was] a statute of limitations for purposes of Supreme Court Rule 103(b)." *Curtis*, 105 Ill. App. 3d at 565. However, *Curtis* is distinguishable from the present case because here there is no evidence in the record regarding a special limitations period in Dorothy's insurance policy. In addition, even if a special limitations period was set forth in the policy, it would not control in this case because Derek was a minor at the time of the accident. *Severs v. Country Mutual Insurance Co.*, 91 Ill. App. 3d 350, 414 N.E.2d 846 (1980).

For the reasons stated, we reverse the circuit court's orders dismissing plaintiff's complaint with prejudice and remand the cause for further proceedings.

Reversed and remanded.

WOLFSON, P.J., and CERDA, J., concur.