FLORA MAY CURTIS, Plaintiff-Appellant, *v.*
PEKIN INSURANCE COMPANY, Defendant-Appellee.

Fourth District  No. 17287

Opinion filed April 8, 1982.—Rehearing denied May 10, 1982.

George Kaye, of Paxton, for appellant.

Randolph R. Spires, of Pontiac, for appellee.

JUSTICE MILLS delivered the opinion of the court:
Suit on fire insurance policy.
Service of process on insurance company delayed for 20 months.
Dismissed with prejudice for lack of diligence in service of process.
We affirm.

On October 26, 1978, plaintiff purchased a fire insurance policy from defendant. The policy contained the standard 12-month limitation of actions clause prescribed by Rule 23.01, section 3, of the Illinois Departmental Regulations (Department of Insurance):

> "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after the inception of the loss."

Plaintiff's home was destroyed by fire on February 5, 1979. Plaintiff filed

suit against defendant, seeking judgment in the amount of the policy limit, on April 2, 1979. There then followed a 20-month period of almost complete inactivity. During this time, the court, on its own motion, issued two notices to proceed, and a summons was issued, but not served. No other significant progress was made in the cause during this period. A second summons was issued on December 9, 1980, and an agent of defendant was finally served with process on December 10, 1980.

Defendant filed a motion to dismiss on December 18, 1980. As grounds for dismissal, defendant alleged, *inter alia*, plaintiff's lack of diligence in obtaining service of process prior to the expiration of the applicable limitation period. Following a hearing on April 9, 1981, the court allowed defendant's motion and dismissed the suit with prejudice pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)). On May 7, 1981, plaintiff filed a motion for vacatur and reconsideration. Apparently, neither party called this motion for a hearing, and it was denied without a hearing on May 28, 1981.

The principal point of contention in this case is whether the standard 12-month limitation-of-actions clause, which must be included in all fire insurance policies issued in Illinois pursuant to Illinois Department of Insurance Rule 23.01, is a statute of limitations for purposes of Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)), which reads as follows:

> "Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

Plaintiff contends that the 12-month limitation-of-actions clause contained in the policy is essentially contractual, as opposed to statutory, in nature and requires only the actual filing of suit within the 12-month period. Since the policy's limitation-of-actions clause does not specifically require service of process within the 12-month period, plaintiff contends that such a requirement should not be engrafted onto the insurance contract by virtue of Supreme Court Rule 103(b). Defendant, on the other hand, asserts that since inclusion of the 12-month limitation-of-actions clause in all fire insurance policies issued in the State is mandated by regulations of the Illinois Department of Insurance, promulgated pursuant to statutory authority, the clause is the equivalent of a statute of limitations enacted by the legislature.

Plaintiff relies principally on *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415. A close examination of the policy considerations underlying *Roth*, however, reveals that the case hurts plaintiff's position much more than it helps. The *Roth* court addressed the issue of the applicability of section 24(a) of the Limitations Act (Ill. Rev. Stat. 1963, ch. 83, par. 24(a)) to the standard fire insurance policy limitation-of-actions clause. At the time of the *Roth* decision, section 24(a) of the Limitations Act provided that "if the plaintiff be nonsuited" and the time for bringing the action had run during the pendency of the action in which the nonsuit was entered, the plaintiff could commence new action within one year. The plaintiff in *Roth* brought suit on a fire insurance policy in Federal court, but the suit was dismissed more than one year after the fire for want of the requisite jurisdictional amount. Immediately thereafter, the plaintiff filed suit on the policy in the Cook County circuit court.

In rejecting defendant's contention that the second suit was barred by the policy's 12-month limitation-of-actions clause, the supreme court held that for purposes of section 24(a) of the Limitations Act (Ill. Rev. Stat. 1963, ch. 83, par. 24(a)), "nonsuit" includes dismissal of actions for want of the requisite jurisdictional amount, and that section 24(a) is fully applicable to the standard 12-month fire insurance policy limitation-of-actions clause. The *Roth* court premised its decision principally on the need to safeguard against the miscarriage of justice which can result from the disposition of litigation on grounds unrelated to the merits, which the court deemed to be the *raison d'etre* of section 24(a) of the Limitations Act. Furthermore, the application of section 24(a) to fire insurance policy limitation-of-actions clauses would inflict no harm on the insurers, since in such situations they have ample knowledge of the pendency of the action by virtue of the previous lawsuit.

The implication of the *Roth* decision, that the standard fire insurance policy limitation-of-actions clause is more akin to a statutory limitations provision than to a contractual provision which results from arms-length bargaining between the parties to the contract, was somewhat more clearly expressed in *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369 N.E.2d 875. That case involved a challenge to the authority of the Director of Insurance to mandate the uniform fire insurance policy limitation-of-actions clause at issue here. The court upheld the power of the Director of Insurance to promulgate such a clause, stating that the legislature intended that the Director's rule-making authority result in the promulgation of a standard fire insurance policy replacing the old New York standard fire insurance policy, which, through incorporation by statutory reference, had previously contained the mandatory provisions for fire insurance policies issued in Illinois. Perhaps even more significantly for purposes of the instant case, however, the *Stofer* court stated that

the 12-month limitation-of-actions clause contained in fire insurance policies is not contractual in the sense of having been bargained for, but is imposed upon the parties to the insurance contract as a matter of law.

■■ Thus, *Stofer* and *Roth*, taken together, stand for the proposition that if the purposes of collateral statutes related to statutes of limitations would be furthered by applying such statutes to the standard 12-month fire insurance policy limitation-of-actions clause—which is essentially statutory as opposed to contractual in nature—such statutes should be so applied in the absence of a contrary intent on the part of the legislature or the parties to the insurance contract.

■■ The primary purpose of Supreme Court Rule 103(b) is to prevent the circumvention and undermining of the applicable statute of limitations by undue delays in the service of process. (See, *e.g., Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204; *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665.) It is clear that a holding that Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)) is inapplicable to the standard fire insurance policy limitation-of-actions clause would render such provisions a virtual nullity by enabling an insured to file suit within the 12-month period but delay service of process indefinitely. Therefore, since the application of Supreme Court Rule 103(b) to the standard fire insurance policy limitation-of-actions clause will prevent the possible circumvention of what is essentially a statutory limitation-of-actions provision, we hold that the standard 12-month fire insurance policy limitation-of-actions clause mandated by Illinois Department of Insurance Rule 23.01, section 3, is a statute of limitations for purposes of Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)).

■■ Having determined that Supreme Court Rule 103(b) is fully applicable to the limitation-of-actions clause contained in plaintiff's insurance policy, we must next ascertain whether plaintiff exercised reasonable diligence in serving defendant with process. Generally, Illinois courts have adopted a rather restrictive definition of what constitutes reasonable diligence. For example, dismissal with prejudice because of lack of diligence in obtaining service of process has been held proper in cases where the plaintiff experienced rather considerable difficulty in ascertaining the whereabouts of the defendant, but did not make full or timely use of all available resources for determining the defendant's whereabouts. (See, *e.g., Greenwood; Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 396 N.E.2d 586.) The record in the instant case contains correspondence which indicates that the plaintiff had knowledge of the defendant's address both before and immediately after the filing of the complaint. In addition, plaintiff's attorney was present during the sworn examination of plaintiff by defendant's counsel, which took place on June 4, 1979, two months after the complaint was filed. In view of the narrow definition

which has been accorded the term "reasonable diligence" and the ease with which the defendant could have been served with process within the policy's 12-month limitation-of-actions period, we cannot say that the trial court abused its discretion in dismissing plaintiff's complaint with prejudice for failure to exercise reasonable diligence in obtaining service of process within the 12-month period.

■■ Plaintiff next contends that dismissal of her action with prejudice was improper because the proof of service on the copy of defendant's motion to dismiss which was submitted to the circuit court is defective in that it is certified by a person not shown to be an attorney qualified to certify under Supreme Court Rule 12(b)(3) (Ill. Rev. Stat. 1979, ch. 110A, par. 12(b)(3)). Supreme Court Rule 12(b) provides in pertinent part:

"(b) Manner of Proof. Service is proved:

         ❋ ❋ ❋

> (3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid."

The proof of service on the copy of defendant's motion to dismiss which was submitted to the circuit court clearly does not conform to the requirements of this Rule because it is in the form of a certificate, as opposed to an affidavit, and is not signed by an attorney. Whether this defect rises to the level of reversible error is, however, doubtful.

The only case in which Supreme Court Rule 12(b) has been construed is *Kimbrough v. Sullivan* (1971), 131 Ill. App. 2d 313, 266 N.E.2d 717. In that case, the defendant sought to vacate a default judgment which had been rendered against him. The proof of service on the motion for the default judgment was deficient in that it did not set forth the place of mailing nor the fact that proper postage was prepaid. Although there were other adequate grounds for vacation of the default judgment, the court indicated that the defect in the proof of service, standing alone, would not have warranted reversal. Therefore, the implication of *Kimbrough* is that very slight defects in the proof of service, which result in its nonconformity to Supreme Court Rule 12(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 12(b)), seldom constitute reversible error. In the case at bar, the plaintiff makes no allegation that he was in any way prejudiced or harmed by the failure of the proof of service on the copy of defendant's motion to dismiss submitted to the circuit court to conform to the requirements of Supreme Court Rule 12(b)(3). Since it may thus be assumed that the deficiency in the proof of service of which plaintiff complains had no substantial effect on the disposition of the case below,

the defect amounts to harmless error, and does not mandate reversal of the order dismissing plaintiff's suit with prejudice.

Plaintiff finally maintains that she was improperly denied a hearing on her motion for vacatur and reconsideration of the court's order dismissing her suit with prejudice. Plaintiff's motion for vacatur and reconsideration was filed on May 7, 1981, and denied on May 28, 1981. Neither party apparently attempted to call the motion for hearing during the time between its filing and denial.

The plaintiff relies on Supreme Court Rule 184 (Ill. Rev. Stat. 1979, ch. 110A, par. 184) and *Watson v. Watson* (1956), 11 Ill. App. 2d 196, 136 N.E.2d 530, as support for her position. Neither of these authorities, however, is apposite to the situation at issue here. Supreme Court Rule 184 (Ill. Rev. Stat. 1979, ch. 110A, par. 184) merely provides that motions need not be heard within the period during which they must be filed, and that either party may call a motion for disposition before or after the expiration of the applicable filing period. This rule does not prescribe a time period during which a trial judge may not deny a motion which has not been called for hearing. In *Watson*, the trial court, upon denying a motion for an individual to appear as *amicus curiae*, reversed, on its own motion, an order which it had previously entered. In holding the trial court's reversal of its own previous order improper, the appellate court held that a previous order of a trial court can only be reversed at a proceeding of which all interested parties have notice. This is obviously quite a different situation from that in the present case, where the court merely ruled on a properly filed motion pending before it.

■■ Presumably, the circuit court of a small county such as Ford has a fairly current docket, and both parties thus had a reasonable period of time during which they could have called the motion and received a prompt hearing on it if they had so desired. Therefore, the trial court's action in denying plaintiff's motion for vacatur and reconsideration after it had not been called for three weeks was not unreasonable, and the plaintiff was not improperly deprived of her right to a hearing on the motion by the circuit court's denial of it.

For the foregoing reasons, the orders of the circuit court of Ford County, dismissing plaintiff's cause with prejudice and denying plaintiff's motion for vacatur and reconsideration, are affirmed.

Affirmed.

WEBBER and LONDRIGAN, JJ., concur.