SAFECO/AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellant,
v. LUCILLE FAY HAGLER, Defendant-Appellee.

Fifth District    No. 5—01—0383

Opinion filed July 24, 2002.—Rehearing denied August 24, 2002.

P. Michael Read, of Law Offices of P. Michael Read, of Belleville, for appellant.

Dennis A. Brandt, of Calvo & Mayteka, of Granite City, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Safeco/American States Insurance Company (Safeco) appeals from the trial court's May 4, 2001, and May 30, 2001, orders, by which the court dismissed Safeco's complaint and certified the question at issue for immediate appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). We reverse and remand.

This case was filed following an arbitration award in favor of Lucille Fay Hagler in an uninsured-motorist-insurance situation. Specifics about her accident, injuries, and damages are not known, because those facts were not included in the record. Following a November 19, 2000, arbitration, in a two-to-one vote, the arbitrators awarded Hagler $70,000. The dissenting arbitrator did not sign the award until January 15, 2001. By cover letter dated January 16, 2001, notice of the award was sent to the attorneys representing Safeco and Hagler.

On January 31, 2001, Safeco filed its complaint seeking a jury trial on the issue of Hagler's damages, as was allowed by its policy language. Safeco's policy allowed for the rejection of an arbitration award when the award exceeded the minimum limit for bodily injury specified by the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7—601(a) (West 1998))—$20,000.

Counsel for the parties discussed the impending service of Safeco's complaint. Safeco asked Hagler's attorney if he would be willing to accept service of the complaint on his client's behalf. Hagler's attorney recalled that he advised Safeco's attorney that he would check on whether or not he could accept service for his client. Safeco was under the impression that he would accept service, and it forwarded the complaint and summons to Hagler's attorney on February 5, 2001. By letter dated February 23, 2001, Hagler's attorney wrote back to Safeco. Hagler's attorney apologized for any confusion but indicated that he was unable to accept service on behalf of his client.

On February 27, 2001, Safeco's attorney sent the original summons back to the Madison County circuit clerk's office and requested that an alias summons be issued. That summons, as well as the original summons, was addressed to Hagler at 2301 Missouri in Granite City, Illinois. The alias summons was prepared and file-stamped on February 28, 2001. Service was attempted within the next week, but the alias summons was returned unserved because the process server learned that Hagler had moved and left no forwarding address.

On March 15, 2001, Safeco's attorney again asked the Madison County circuit clerk's office to issue an alias summons with the identi-

cal erroneous address. A second alias summons was prepared and dated March 16, 2001. The process server again unsuccessfully attempted to serve Hagler at the listed address. The United States Post Office provided the process server with Hagler's new address, and the process server served her on April 4, 2001, with a copy of the complaint and the summons.

Instead of answering the complaint, Hagler filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)). Hagler argued that the complaint had not been filed within 60 days of the arbitrators' decision, as contemplated by Safeco's insurance policy, since service upon Hagler had not been achieved during that time frame. Hagler also argued that Safeco had not exercised due diligence in obtaining service upon her, in contravention of Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)). In support of her argument that Safeco had not exercised due diligence in obtaining service, Hagler pointed out that Safeco had to have known of her correct address, because her Safeco insurance agent was sending her premium statements to the new address—the address at which service was ultimately achieved.

Without any reason indicated, the trial court granted Hagler's motion on May 4, 2001, and dismissed Safeco's complaint. Safeco's motion to reconsider was heard and denied on May 30, 2001, but pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), the trial court certified its previous order for appeal.

■ On appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2—619 of the Code of Civil Procedure we must determine " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' [Citation.]" *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 109-10, 708 N.E.2d 1140, 1144 (1999). In other words, our review is *de novo. In re Estate of Mayfield*, 288 Ill. App. 3d 534, 542, 680 N.E.2d 784, 789 (1997).

The only case cited by Hagler in support of her motion to dismiss was *Curtis v. Pekin Insurance Co.*, 105 Ill. App. 3d 561, 434 N.E.2d 555 (1982). In that case, the appellate court affirmed the trial court's dismissal of the insured's complaint for lack of diligence in serving the complaint upon the defendant insurer. *Curtis*, 105 Ill. App. 3d at 565-66, 434 N.E.2d at 558. The foundation for the dismissal could be located in an insurance policy provision included at the Illinois Department of Insurance's mandate. *Curtis*, 105 Ill. App. 3d at 562, 434 N.E.2d at 556. That clause stated that claims against the insurance company following a fire loss had to be made within 12 months. *Curtis*, 105 Ill. App. 3d at 562, 434 N.E.2d at 556. Flora May Curtis sued

Pekin Insurance Company within the 12-month period dating from her loss, but she failed to obtain service upon the insurance company within that same time frame. *Curtis*, 105 Ill. App. 3d at 562-63, 434 N.E.2d at 556. In fact, she did not achieve service until 20 months had passed since the date of loss. *Curtis*, 105 Ill. App. 3d at 563, 434 N.E.2d at 556. Citing the main purpose of Supreme Court Rule 103(b), which is keeping applicable statutes of limitation from being undermined, the trial court stated that if service did not have to occur within that 12-month period of time, the provision would be rendered a virtual nullity. *Curtis*, 105 Ill. App. 3d at 565, 434 N.E.2d at 558.

The difference between that case and this one is that there was an administrative regulation mandating a 12-month statute of limitations. In this case, there is no such administrative or statutory mandate of which we are aware. Hagler has cited no other authority for her contention that the 60-day period contemplated in the policy required that the complaint be filed and service achieved during that time frame.

Sixty days is such an incredibly short period of time for a limitations period. There is nothing comparable in our state. Safeco filed suit 16 days after the arbitration award was entered. Service was achieved 79 days after the award was made, or 63 days after suit was filed. It is true that Safeco's insurance sales agent was aware of Hagler's change of address, and had a more thorough research job been conducted by Safeco's counsel, that change might have been discovered sooner. However, we do not find this error to be critical to the issue of diligence. Three summonses were issued during the 63 days after suit was filed. These efforts reflect a conscientious effort to achieve service—not a lack of due diligence.

■ Furthermore, the factors suggested by the Illinois Supreme Court for considering whether service was made diligently support the conclusion that Safeco's efforts were diligent. Those factors include "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." *Segal v. Sacco*, 136 Ill. 2d 282, 287, 555 N.E.2d 719, 720-21 (1990).

■ Service was achieved 63 days after the complaint was filed. Safeco made two attempts at service on three issued summonses during that time frame. Safeco should have known of Hagler's new address in light of the fact that its insurance agent sent premium bills to

that address. In light of this agent's knowledge, the information could easily have been obtained. But no forwarding information was left at the old address. Because her attorney was aware of the complaint's pendency and content, Hagler was aware that suit had been filed against her in rejection of her arbitration award. The attorneys for Safeco and Hagler had maintained communication during this 63-day period, regarding whether Hagler's attorney would accept service on his client's behalf. Unfortunately, this communication and subsequent misunderstanding that service would be so accepted delayed the start of the service process. Hagler was ultimately served.

We find, given the circumstances of this case, that service of process was made in a diligent fashion and that the trial court's involuntary dismissal, pursuant to section 2—619 of the Code of Civil Procedure, was improper.

■ Alternatively, Hagler argues that Safeco breached its contract and is thus barred from invoking the contractual provisions of its policy against her. The trial court's order dismissing the complaint did not specify upon which grounds it was based. However, perhaps because of comments made by the trial judge prior to ruling upon the motion, Safeco's motion to reconsider strictly addresses the issue of diligence. Nevertheless, we consider the argument.

Hagler contends that Safeco cannot demand a jury trial on the issue of damages without first paying her $20,000—the minimum required by the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7—601(a) (West 1998)). She argues that the $20,000 amount is binding and cannot be rejected. Because Safeco filed its suit, she claims that it is holding inappropriate, contradictory stances. Hagler cites no authority for her position that the proper rejection of an arbitration award in excess of $20,000 cannot include the first $20,000.

The policy provides that the decision of a majority of the three arbitrators is binding upon the issue that the insured is legally entitled to damages. We agree with this statement. However, the policy also states that if the amount of damages exceeds $20,000, either party may demand the right to a trial.

We conclude that Hagler's interpretation of Safeco's policy language is flawed. If the arbitrators' award was less than $20,000, then that amount would have been binding. Because the amount exceeded that threshold, either party maintained the right to reject the award and seek a trial. Nothing in the policy or the law indicates that the first $20,000 must mandatorily be paid before a party may proceed to trial. The judge or jury who hears this case will make the determination of the amount of Hagler's damages.

For the foregoing reasons, the judgment of the circuit court is hereby reversed, and the cause is remanded.

Reversed; cause remanded.

CHAPMAN, Melissa, and RARICK, JJ., concur.