No. 2--06--0614     Filed: 11-7-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SECURA INSURANCE COMPANY, | ) | Appeal from the Circuit Court of Du Page |
| | ) | County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--MR--156 |
| | ) | |
| ILLINOIS FARMERS INSURANCE | ) | |
| COMPANY, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

This appeal arises from a declaratory judgment action brought by plaintiff, Secura Insurance Company, against defendant, Illinois Farmers Insurance Company, concerning their respective obligations to defend and indemnify Bogoja Muzikoski, d/b/a B&A Automotive Repair, for liabilities arising out of an accident involving his employee, Daniel Dill, who, in the course of his employment, drove a vehicle insured by Farmers. The question presented is whether Farmers' policy's employer exclusion violates Illinois public policy. We conclude that it does. Accordingly, we reverse the trial court's order granting summary judgment to Farmers and denying summary judgment to Secura, and we remand the cause for further proceedings.

## I. BACKGROUND

On November 27, 2000, Vincent and Kim Henehan sued, among others, Dill and Muzikoski, seeking compensation for personal injuries Vincent sustained in a motor vehicle accident in October

2000. The Henehans alleged that, on October 21, 2000, in Westmont, Dill was operating a 1995 Chevrolet Blazer owned by Paul J. Stech that collided head-on with the vehicle being driven by Vincent. The Henehans further alleged that Dill was in the course and scope of his employment with Muzikoski at the time of the accident and that, as such, Dill was Muzikoski's agent. Further, Dill was negligent in operating the vehicle, and this negligence proximately caused Vincent's injuries.

The vehicle Dill was driving was insured under an automobile liability policy issued by Farmers that was effective on October 21, 2000. On that date, Muzikoski was insured under a commercial liability insurance policy issued by Secura that provided coverage to Muzikoski and his employees while they operated "nonowned" vehicles in the course and scope of their employment. The Farmers policy contained an employer exclusion, which excepted from the definition of an insured person "[a]ny person or organization, other than you or a family member, who is the employer of any insured person." (Emphasis omitted.)

Muzikoski and Dill initially tendered suit to Secura, Muzikoski's carrier. Secura agreed to defend them in the underlying litigation and retained counsel. However, on January 8, 2001, Muzikoski's and Dill's counsel sent a letter to Farmers, enclosing a copy of the complaint and tendering Muzikoski's and Dill's defense to Farmers. On January 31, 2001, Farmers declined the tender from Dill. It made no reference to Muzikoski.

On April 18, 2001, Muzikoski's and Dill's counsel sent a second letter, tendering their defense to Farmers. Relying on State Farm Mutual Automobile Insurance Co. v. Fisher, 315 Ill. App. 3d 1159 (2000), Farmers again denied the tender. On December 17, 2001, counsel sent a third letter to Farmers, tendering Muzikoski's and Dill's defense and citing State Farm Mutual Automobile

Insurance Co. v. Smith, 197 Ill. 2d 369 (2001), which affirmed Fisher. Farmers accepted the defense of Dill, but not of Muzikoski.

The Henehans subsequently voluntarily dismissed Dill from the underlying litigation, leaving Muzikoski as the only defendant. On or about May 4, 2004, the Henehans and Muzikoski reached a settlement, and the case was dismissed.

On February 15, 2005, Secura sued Farmers, seeking a declaratory judgment that Muzikoski was covered by Farmers' policy and that Farmers owed Secura reimbursement of attorney fees and costs. Also, it sought a bad-faith finding against Farmers that would entitle Secura to reimbursement of the entire settlement it had paid. On December 16, 2005, the parties filed cross-motions for summary judgment.

On March 17, 2006, the trial court denied Secura's summary judgment motion and granted Farmers' motion, finding that: (1) Farmers' policy clearly and unambiguously excluded Muzikoski as an insured where it excluded the employer of any insured; and (2) Farmers' policy did not violate Illinois public policy as detailed in Smith, because it provided coverage to permitted users. Accordingly, the court found that Farmers had no duty to defend or indemnify Muzikoski. The court further found that its findings were dispositive of the coverage issue and that it did not need to reach the issues of bad faith and limitations of liability. Secura moved to reconsider, and, on May 17, 2006, the trial court denied the motion. Secura appeals.

## II. ANALYSIS

### A. Jurisdiction

We ordered that two motions be taken with this case. The first motion addresses this court's jurisdiction. On December 1, 2006, Farmers moved to dismiss this appeal for lack of jurisdiction,

arguing that Secura did not timely file its notice of appeal. Secura appeals the trial court's May 17, 2006, order denying its motion for reconsideration. Secura's notice of appeal from that order was due within 30 days of the trial court's order, or by June 16, 2006. See Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007 (notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending postjudgment motion). Secura's notice of appeal is dated June 16, 2006, but it was not filed until June 20, 2006.

In its motion to dismiss, Farmers further argues that there is no certificate or affidavit in the record showing that Secura's notice of appeal was mailed to the circuit court clerk on June 16, 2006, or that it otherwise complies with Supreme Court Rule 12(b)(3) (145 Ill. 2d R. 12(b)(3)). 155 Ill. 2d R. 373 (if a notice of appeal is received after the due date, the time of mailing shall be deemed the filing date, and proof of mailing shall be as provided in Rule 12(b)(3)).

On December 21, 2006, this court allowed Farmers' motion and dismissed the appeal. On January 2, 2007, Secura moved to recall this court's mandate, to file a response instanter to Farmers' motion to dismiss and to rehear Farmers' motion. On January 8, 2007, we allowed Secura's motion to recall our mandate and vacated our order dismissing the appeal. We reinstated the appeal and allowed Secura to file its response to Farmers' motion to dismiss. We further granted Secura's request to supplement the record on appeal with a June 16, 2006, letter to the clerk of the circuit court, and we ordered taken with the case Farmers' motion to dismiss, Secura's response thereto, and, subsequently, Farmers' reply.

Farmers argues that the timely filing of a notice of appeal is a jurisdictional prerequisite and cannot be waived and that prejudice is irrelevant to the inquiry. Also, Farmers argues that the June 16, 2006, letter does not meet any of the requirements of Rule 12(b)(3).

Supreme Court Rule 12(b)(3) provides that service is proved:

> "(3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." 145 Ill. 2d R. 12(b)(3).

In its June 16, 2006, letter to the circuit court clerk, Secura requested that the clerk file Secura's notice of appeal and its notice of filing. The letter further noted that a copy was sent to Farmers' counsel.

Secura concedes that there is one element required by Rule 12(b)(3) that is missing from its letter--the time of mailing to the circuit court clerk. It argues, however, that this deficiency is not substantial and, at most, constitutes harmless error. Secura also notes that Farmers has not alleged that it did not receive Secura's notice of appeal or that it was in any way prejudiced by the failure of Secura's counsel to add language to the certificate of service stating the time of mailing. Accordingly, it requests that we deny Farmers' motion to dismiss and enter an order finding that any deficiencies in the certificate are harmless error and that the notice of appeal was timely filed.

Farmers is correct that strict compliance with the supreme court rules is generally required. Village of Lake Villa v. Stokovich, 211 Ill. 2d 106, 116 (2004). The rules "are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." Bright v. Dicke, 166 Ill. 2d 204, 210 (1995).

However, in Curtis v. Pekin Insurance Co., 105 Ill. App. 3d 561, 566-67 (1982), the Fourth District held that very slight defects in proof of service that result in nonconformity with Rule 12(b)'s requirements do not constitute reversible error. The court reasoned that this is especially true where

the complaining party is not prejudiced by the other party's failure to comply with the rule's exact requirements. Curtis, 105 Ill. App. 3d at 566-67. In Curtis, the plaintiff complained that dismissal of her action with prejudice was improper because the proof of service on the copy of the defendant's motion to dismiss that was submitted to the circuit court was defective in that it was not certified by a person shown to be an attorney qualified to certify under Rule 12(b)(3).

Similarly, in Kimbrough v. Sullivan, 131 Ill. App. 2d 313, 317 (1971), proof of service was deficient because it did not set forth the place of mailing or the fact that proper postage was prepaid. The First District held that the defect in proof of service, standing alone, would not warrant reversal, but would be viewed as one of the factors in the case. Kimbrough, 131 Ill. App. 2d at 317.

Finally, this court recently noted that "a lack of strict compliance with procedural supreme court rules governing the appellate court has also been condoned where the alleged violations do not interfere with or preclude review." CE Design, Ltd. v. Mortgage Exchange, Inc., 375 Ill. App. 3d 379, 382-83 (2007), citing In re Detention of Powell, 217 Ill. 2d 123, 132 (2005); see also Ingrassia v. Ingrassia, 156 Ill. App. 3d 483, 502 (1987) ("[a]lthough minor defects will be excused, proof of proper service by mail must be made in substantial compliance with" Rule 12), citing Curtis, 105 Ill. App. 3d at 566-67.

In consideration of the foregoing cases and the fact that Farmers does not allege prejudice, we conclude that the defect here amounts to harmless error. Accordingly, we deny Farmers' motion to dismiss this appeal for want of jurisdiction.

## B. Scope of Appeal

In the second motion we ordered taken with this case, Secura moves to strike Farmers' arguments in its appellee's brief concerning the issues of bad faith and limitations of liability, arguing

that they are not properly before this court. In ruling on the parties' cross-motions for summary judgment, the trial court specifically found that its findings were dispositive of the coverage issue and that it did not need to reach the bad-faith and limitations-of-liability issues. In its brief to this court, Farmers contends that these issues are waived, but, nevertheless, addresses them. Secura argues that, if this court rules in its favor on the merits, the cause will be remanded to the trial court for further proceedings that will include determinations on bad faith and limitations of liability.

We agree with Secura that the coverage issue is the sole issue properly before this court. See, e.g., Butler v. Economy Fire & Casualty Co., 199 Ill. App. 3d 1015, 1020 (1990) (motion to strike the defendant's estoppel argument granted where the trial court did not rule on the issue and the plaintiff did not argue the issue on appeal). Accordingly, we grant its motion and hereby strike those portions of Farmers' brief addressing bad faith and limitations of liability.

## C. Appeal

Turning to the merits, Secura argues that the trial court erred in finding that Farmers' policy does not violate Illinois public policy. Secura asserts that the Illinois Vehicle Code (Code) (625 ILCS 5/1--100 et seq. (West 2004)) requires that both a user and any other person responsible for the use of a motor vehicle, with the express or implied permission of the insured, be covered by liability insurance. It is not sufficient that the user alone is covered. According to Secura, a finding that an employer could be excluded from coverage as long as one of its employees is covered does not comport with the statute and public policy.

Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co., 215 Ill. 2d 121, 127-28 (2005). Whether the entry of summary judgment was appropriate is a matter we review de novo. De novo review is appropriate also because the issue in this appeal involves a question of statutory interpretation. Progressive, 215 Ill. 2d at 128.

The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. Lulay v. Lulay, 193 Ill. 2d 455, 466 (2000). When undertaking the interpretation of a statute, we must presume that, when the legislature enacted the law, it did not intend to produce absurd, inconvenient, or unjust results. Vine Street Clinic v. HealthLink, Inc., 222 Ill. 2d 276, 282 (2006).

Section 7--601(a) of the Code requires that a motor vehicle be insured through a liability insurance policy. 625 ILCS 5/7--601(a) (West 2004). Section 7--317(b)(2) of the Code states that a motor vehicle liability policy "[s]hall insure the person named therein and any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured." (Emphasis added.) 625 ILCS 5/7--317(b)(2) (West 2004). The foregoing two sections have been construed to mandate that "a liability insurance policy issued to the owner of a vehicle must cover the named insured and any other person using the vehicle with the named insured's permission." State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group, 182 Ill. 2d 240, 244 (1998); see also Smith, 197 Ill. 2d at 373.

Secura argues that the trial court erred in finding that Farmers could exclude Muzikoski from coverage as long as his employee, Dill, was covered. Secura focuses on the phrase "or responsible for the use" in section 7--317(b)(2) to argue that the statute requires that a liability policy cover both a user and any other person responsible for the use of a vehicle with the insured's permission.

According to Secura, Muzikoski is "any other person" because, as Dill's employer, he was responsible for the use of the vehicle and because he had the insured's (i.e., Stech's) permission. Secura stresses that the legislature clearly intended to have a principal such as Muzikoski insured under an owner's policy when the statute included the language "or responsible for the use."

Farmers responds that it reads the statute to require it to insure only a single permissive user--here, Dill. The disjunctive "or," according to Farmers, along with the singular form of the word "person," mandate this reading. As to this point, Secura replies that the inclusion of the term "any" rules out the reading Farmers suggests. The trial court addressed these arguments when it ruled on Secura's motion to reconsider, finding that Secura's interpretation of the statute "requires a very strained reading."

We conclude that section 7--317(b)(2) requires an insurer to provide coverage to the named insured and any permissive user of the insured vehicle or vehicles. The statutory language, in our view, categorizes the relevant parties such that, in addition to the named insured, a policy must cover "any other person": (1) "using" or (2) "responsible for the use of" the vehicle or vehicles with the insured's express or implied permission. 625 ILCS 5/7--317(b)(2) (West 2004). This interpretation is the only reasonable reading of the provision. As Secura notes, had the legislature intended to limit coverage to a single permissive user, it would have (indeed should have) used different phrasing, e.g., "shall insure the person named therein and either the person using such motor vehicle or vehicles, or the person responsible for the use of such motor vehicle or vehicles, with the express or implied permission of the insured." We note further that, although the issue was not before it, the Smith court held that the insurer in that case could not rely on the exclusion at issue to deny both the employee's and his employer's tender. Smith, 197 Ill. 2d at 374.

Having determined that the statute does not foreclose coverage for multiple permissive users, we next examine Farmers' exclusion in light of the case law interpreting section 7--317(b)(2). We turn first to Smith.

Smith arose out of a negligence action relating to a casino's valet parking service. In that case, State Farm, the vehicle owner's automobile insurer, argued that it had no duty to defend or indemnify the valet driver or the casino, based upon its policy's automobile business exclusion clause. The supreme court affirmed the appellate court's holding that the automobile business exclusion violated Illinois public policy and was therefore unenforceable. Smith, 197 Ill. 2d at 372. The exclusion in that case stated that there was no coverage while an insured vehicle was "BEING REPAIRED, SERVICED OR USED BY ANY PERSON EMPLOYED OR ENGAGED IN ANY WAY IN A CAR BUSINESS." (Emphasis omitted.) Smith, 197 Ill. 2d at 373. The term "car business" was defined as " 'a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers.' " Smith, 197 Ill. 2d at 373. The court held that the automobile business exclusion in State Farm's policy violated Illinois public policy as stated in the Code, noting that section 7--317(b)(2) clearly mandates that a motor vehicle liability policy cover the named insured and any other person using the vehicle with the named insured's permission. 625 ILCS 5/7--317(b)(2) (West 2004). According to the court:

"When a vehicle owner gives his vehicle to a person engaged in an automobile business, the owner is also giving that person the express or implied permission to use the vehicle. Therefore, a provision written into an insurance policy that excludes coverage for persons engaged in an automobile business necessarily excludes coverage for persons who are using

an insured's vehicle with the insured's express or implied permission." Smith, 197 Ill. 2d at 374.

Having concluded that the exclusion was void, the court held that State Farm could not rely on it to deny the valet driver's and the casino's tender. Smith, 197 Ill. 2d at 374.

In Progressive, a pizza deliverer, who was in the course of making a delivery while driving his mother's vehicle, struck and injured a pedestrian. The issue presented was whether Progressive, which issued the automobile liability insurance policy on the mother's vehicle, had a duty to defend and indemnify the son in a personal injury action brought by the injured pedestrian and the pedestrian's wife. The Progressive policy contained a provision that excluded coverage for bodily injury or property damage arising out of the use of the vehicle to carry persons or property for compensation or a fee, including food delivery. The supreme court upheld the trial court's determination that the food delivery exclusion was not void as against public policy. Progressive, 215 Ill. 2d at 134. The court noted that the liability insurance mandated by section 7--601(a) of the Code must meet certain requirements, including those in section 7--317(b)(2) of the Code. "Provisions such as this, which extend liability coverage to persons who use the named insured's vehicle with his or her permission are commonly referred to as 'omnibus clauses.' " Progressive, 215 Ill. 2d at 128. Where an omnibus clause is required by statute to be included in a motor vehicle liability policy, such a clause must be read into every such policy, and the statute's provisions cannot be avoided through contractual provisions. Progressive, 215 Ill. 2d at 128-29.

The court noted that the power to declare a private contract void as against public policy is exercised sparingly because it is in the public's interest that persons not be unnecessarily restricted in their freedom to make their own contracts. Progressive, 215 Ill. 2d at 129.

"An agreement will not be invalidated on public policy grounds unless it is clearly contrary to what the constitution, the statutes or the decisions of the courts have declared to be the public policy or unless it is manifestly injurious to the public welfare. Whether an agreement is contrary to public policy depends on the particular facts and circumstances of the case." Progressive, 215 Ill. 2d at 129-30.

Distinguishing Smith from the facts in Progressive, the supreme court in Progressive noted that the automobile business exclusion in Smith applied only to permissive users. In Smith, the named insured, his spouse, and certain others were expressly exempted from the exclusion. Therefore, conduct that "would be covered if undertaken by the insured would not be covered if undertaken by someone who was using the vehicle with the insured's permission." Progressive, 215 Ill. 2d at 133. The court noted that this disparity was "plainly inconsistent" with the requirement in section 7--317(b)(2) that a policy cover not only the insured, but also any other person using or responsible for using the vehicle with the express or implied permission of the insured. Progressive, 215 Ill. 2d at 133.

Returning to the facts in Progressive, the supreme court concluded that no similar disparity was present in Progressive's policy. "Under the clear and unambiguous terms of [Progressive's] policy, no one is exempt from the food delivery exclusion." Progressive, 215 Ill. 2d at 134. It further noted:

"Because the exclusion in Progressive's policy does not differentiate between the insured and those using the vehicle with the insured's permission, there is no possibility, as there was in Smith, that liability insurance coverage afforded the insured would also not be extended to permissive users of the vehicle. Section 7--317(b)(2)'s requirement that liability

insurance policies cover not only the insured but also 'any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured' (625 ILCS 5/7--317(b)(2) (West 2000)) is therefore not imperiled.  As a result, the food delivery exclusion does not conflict with the statute and cannot be said to be void as against public policy."  Progressive, 215 Ill. 2d at 134.

The court continued:

"That permissive users must be covered along with the named insured in no way compels the conclusion that exclusions are never permissible.  Inclusion of permissive users goes to the issue of who must be covered.  It says nothing of what risks must be covered.  To hold that requiring coverage for permissive users means that insurers are forbidden from excluding certain types of risks from coverage requires a leap in reasoning that neither the language of the statute nor the rules of statutory construction will support. ***

*** The statute simply eliminates from coverage determinations the happenstance that a vehicle was operated by a permissive user rather than the actual owner.  If a loss is covered by the policy, the fact that the vehicle was operated by a permissive user will not excuse the insurer from its obligation to pay.  The loss will continue to be covered.  Conversely, if a loss is excluded from coverage by the policy, the fact that the vehicle was operated by a permissive user will not trigger an obligation to pay that would not have existed had the vehicle been operated by its actual owner.  The loss will continue to be excluded." (Emphasis in original.)  Progressive, 215 Ill. 2d at 137-38.

Here, Farmers' employer exclusion states that an insured person does not include "[a]ny person or organization, other than [the named insured] or a family member, who is the employer of

any insured person." (Emphasis omitted.) Secura agrees that Farmers' exclusion does not cover the employer of either a permissive user or the named insured. However, it argues that Farmers' exclusion does not treat equally named insureds and permissive users. Rather, Secura contends that it provides broader coverage to named insureds than it does to permissive users in employment settings. Specifically, named insureds are provided coverage even when they are employers, whereas permissive users who are employers are excluded from coverage. According to Secura, this is impermissible under Smith and Progressive.

Farmers responds that its employer exclusion applies equally to any insured, either named or by definition. According to Farmers, no employer of any insured, unless that employer is the named insured or a family member, can be an insured person. Thus, the employer of the insured, a family member of the insured, or a permissive user is not an insured person under the policy, unless that employer is the named insured or a family member. Farmers contends that, as in Progressive, if the employer exclusion here were held to be void as to permissive users, the scope of coverage available under the policy would be greater if the covered vehicle were in the hands of a permissive user than if it were in the hands of the named insured. Such a result, Farmers contends, would conflict with Progressive.

Secura replies that if, under Farmers' reading, the employer must be the named insured or a family member to obtain coverage, then an exclusion has been created. Where an exclusion exists and it applies to only certain persons, then, by definition, there is no equal treatment. We agree.

Farmers' exclusion excludes from the definition of an insured person anyone who is the employer of an insured person, unless the employer is the named insured or a family member. Thus, where an employer is a named insured or a family member of the named insured, that person is an

-14-

insured person. The policy differentiates between named insured (or family member) employers, who are covered, and nonnamed insured (or nonfamily member) employers, who are not covered. In other words, it treats persons differently in terms of coverage based on whether or not they are named insureds (or family members). Smith and Progressive instruct that actual owners (i.e., named insureds) and permissive users must be treated equally in terms of policy coverage. Progressive, 215 Ill. 2d at 133-34. Applying those holdings here, Farmers' employer exclusion is void as against public policy. The trial court's finding that Farmers' policy is not void, because it provides coverage to permissive users, utilizes the wrong standard and ignores the fact that certain permissive users (i.e., nonnamed insured (or nonfamily member) employers) are not covered.

We reject Farmers' suggestion that a determination that its policy exclusion is void as to permissive users would result in a greater scope of coverage if the covered vehicle were in the hands of a permissive user than it would if the vehicle were in the hands of the named insured. Farmers errs in assuming that our holding applies only with respect to permissive users. We address here (as the parties have) the entire exclusion. Because we have determined that it is void as against public policy, the effect of our decision is to nullify the entire exclusion.

### III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GROMETER, P.J., and HUTCHINSON, J., concur.